UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROGERS A. NWABUE,

                Plaintiff,                **DECISION AND ORDER**

      v.

                                         10-CV-0898S

WILLIAM P. DILLON, MD.,

                Defendants.

     1.    Plaintiff, appearing *pro se* in this action, has filed a "Plaintiff's Motion to Opt Out of ADR." While the title of Plaintiff's noticing document dated November 28, 2011 and filed November 30, 2011 recites only his objective of opting out of Alternative Dispute Resolution, and while the title of his attached Affirmation in Support of Motion to Opt Out of ADR similarly recites only that objective, both documents contain a single sentence stating that "Plaintiff further requests this Court for an Order restoring this case to the District Court Judge's Calendar." Defendant has made no submission in opposition to or in connection with the relief sought by plaintiff and the Court finds that none is necessary. The Court further finds it unnecessary to schedule a return date for oral argument.

     2.    The Court initially addresses whether this motion is timely or premature. The Alternative Dispute Resolution Plan for the United States District Court for the Western District of New York ("ADR Plan") provides, at Section 2.1 A, that all civil cases

filed on and after the Effective Date of the ADR Plan (January 1, 2006) are referred automatically for ADR and that "ADR intervention will be scheduled at the conference held pursuant to Local Rule of Civil Procedure 16.1." This matter is a case subject to Section 2.1 A and was automatically referred to mediation on November 9, 2011, the day the complaint was filed, but the Rule 16 first discovery conference has not yet been conducted.

    3.    ADR Plan Section 2.2, entitled "Relief From ADR Referral," provides at Subdivision B that "Opting Out Motions must be made within fourteen (14) days from (i) the date of the first discovery conference under Local Rule 16.1 in new cases...".

    4.    Given that it is Section 2.2 which specifically addresses motions for relief from ADR and that Subdivision B employs the word "must" in providing for the time window for such motions, I find that motions to opt out of the Court's ADR program may not be made until after the first discovery conference has been conducted and that this motion is premature.

    5.    As to plaintiff's aforementioned request for an Order "restoring this case to the District Court Judge's Calendar[,]" the Court does not address the question of whether a referral to a United States Magistrate Judge for pre-trial matters constitutes the removal of the case from the District Judge's calendar. While, pursuant to 28 U.S.C. § 636 (C)(4), the vacating of a referral to a Magistrate Judge in a civil case may be considered upon a finding of good cause or extraordinary circumstances, there has been no showing whatsoever of the presence of any such cause or circumstances.

IT IS HEREBY ORDERED that plaintiff's Motion to Opt Out of ADR is DENIED, without prejudice;

IT IS HEREBY FURTHER ORDERED that plaintiff's request for an Order "restoring this case to the District Court Judge's Calendar" is DENIED.

SO ORDERED.

Dated:  January 16, 2012
        Buffalo, New York

                                    \s\ William M. Skretny
                                    WILLIAM M. SKRETNY
                                    Chief Judge
                                    United States District Court